IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

|                              |                   |
|------------------------------|-------------------|
| Plaintiff,                   | ORDER             |
| v.                           | 03-CR-140-WMC-01  |
| NEBUCHANEZZAR A. WRIGHT,      |                   |
| Defendant.                   |                   |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Nebuchanezzar A. Wright's supervised release was held on November 10, 2011, before U.S. District Judge William M. Conley. The government appeared by U.S. Attorney John W. Vaudreuil. Defendant was present in person and by counsel, Reed Cornia. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on March 22, 2004, following his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 57 months, with a 36-month term of supervised release to follow.

On February 20, 2009, defendant began his initial term of supervised release. On June 11, 2010, the term of supervised release was revoked for failure to report as instructed, a positive drug test for methamphetamine, and failure to report for substance abuse testing and counseling. Defendant was sentenced to serve a two-month term of imprisonment to be followed by an 18-month term of supervised release with the addition of a special condition requiring him to reside in a residential reentry center with work release privileges for up to 120 days.

On August 10, 2010, defendant began his second term of supervised release. On October 15, 2010, a judicial review hearing was held based on defendant's unsuccessful discharge from Attic Correctional Services' Schwert House, failure to report to the probation officer as directed, failure to notify the probation officer within 72 hours of any changes in residence, and association with convicted felon Charisse Korslund. Special Condition No. 5 was modified, requiring defendant to undergo a complete mental health evaluation and follow the recommendations from the evaluator which included the taking of any prescribed medication. Special Condition No. 6 was modified by requiring the defendant to reside for up to 90 days at Rock Valley Community Programs (RVCP) residential reentry center, with work release privileges. Special Condition No. 7 was added, requiring defendant to report to the probation office every Monday and Friday during his placement at RVCP, and Special Condition No. 8 was added, requiring defendant to reside with his mother until the commencement of his placement at RVCP.

On May 19, 2011, the court continued defendant's supervision, and suspended Special Condition No. 6 which had required defendant to reside at RVCP. Unfortunately, since then, his progress has at best been rocky. In June and again in July, 2011, defendant

violated Special Condition No. 5 requiring him to participate in mental health treatment when he failed to schedule required counseling sessions with Dr. Thomas Moran. On July 27, 2011, defendant violated Standard Condition No. 9 prohibiting him from associating with anyone convicted of a felony when he associated with convicted felon Charisse Korslund. On August 3, 2011, defendant violated Standard Condition No. 2 requiring him to report to the probation officer as instructed and submit written monthly reports within the first five days of each month, when he failed to show up to a required meeting with his probation officer, and failed to complete written monthly reports for June and July 2011. On October 7, 2011, defendant violated Standard Condition No. 3 requiring him to follow the probation officer's instructions when he failed to comply with the rules and regulations of the Dane County Bail Monitoring Unit.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it, or modify the conditions of release upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 18-month term of supervised release imposed on defendant on June 11, 2010, will be revoked.

Defendant's criminal history category is IV. With a Grade C violation and his criminal history category, defendant has an advisory guideline range of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

Defendant has shown some modest progress since his state commitment in August 2011. While he violated his bail monitoring conditions while he was on bail release, he did not abuse any controlled substances. Since his return to state custody, defendant has been given his prescribed medication and has been compliant with Dane County Jail Staff. Accordingly, a sentence below the guideline range would suffice in holding the defendant accountable for his violations, for protection of the community, and for specific and general deterrence.

## ORDER

IT IS ORDERED that the term of supervised release imposed on defendant on June 11, 2010, is revoked. Defendant is committed to the of the Bureau of Prisons for a term of 7 days with credit for time served from October 3 through October 7, 2011, when he was in the custody of the U.S. Marshals Service prior to his initial appearance in U.S. District Court. A twelve-month term of supervised release is ordered to follow the term of imprisonment. All conditions previously imposed shall remain in effect, with the exception of Special Condition No. 6, requiring defendant to reside in a residential reentry center for up to 90 days, which will remain suspended.

IT IS FURTHER ORDERED that defendant Nebuchanezzar Wright shall be RELEASED from custody on Monday, November 14, 2011, in order to begin his term of supervised release.

Entered this 10th day of November, 2011.

BY THE COURT:

William M. Conley
U.S. District Judge